USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/08

RECEIVED
FEB 27 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SHAWN D. FABIAN
Assistant Corporation Counsel
E-mail: shfabian@law.nyc.gov
Phone: (212) 788-0906
Fax: (212) 788-9776

February 25, 2008

**BY HAND DELIVERY**
Honorable Harold Baer
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    Dennis Vega v. City of New York, et al., 08 Civ. 1134 (HB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York.[1] I write with respect to the above-referenced matter in which plaintiff alleges that he was falsely arrested. Defendant City respectfully requests an enlargement of time to answer or otherwise respond to this complaint from February 25, 2008 until April 21, 2008. Plaintiff's counsel, Steven A. Hoffner, Esq., consents to this request.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our

---

[1] Upon information and belief, the undercover officer has not yet been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendant officer. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent him. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

No previous request for an extension has been made by defendant City. Accordingly, defendant City respectfully requests that its time to answer or otherwise respond to the complaint be extended until April 21, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Steven A. Hoffner, Esq. (By First Class Mail)
*Attorney for Plaintiff*
350 Broadway, Suite 1105
New York, New York 10013

April 21, 08 is agreeable to the court

Harold Baer, Jr., U.S.D.J.
2/29/08

2