UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DENNIS VEGA,

                             **Plaintiff,**

               -against-

THE CITY OF NEW YORK, N.Y.C. POLICE OFFICER UNDERCOVER # 4847, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

                             **Defendants.**

**ANSWER OF UNDERCOVER POLICE OFFICER #4847**

08 Civ. 1134 (HB)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

         Defendant Undercover Police Officer #4847 ("UC"), by his attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows.

         1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed and purports to seek relief as stated therein.

         2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein, and further admits that plaintiff purports to base venue as stated therein.

         3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

         4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that defendant UC was employed by the City of New York as a Police Officer.

         5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation, and respectfully refers the Court to

the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

  6. Denies the allegations set forth in paragraph "6" of the complaint, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

  7. Denies the allegations set forth in paragraph "7" of the complaint.

  8. Denies the allegations set forth in paragraph "8" of the complaint.

  9. Denies the allegations set forth in paragraph "9" of the complaint.

  10. Denies the allegations set forth in paragraph "10" of the complaint.

  11. Denies the allegations set forth in paragraph "11" of the complaint.

  12. Denies the allegations set forth in paragraph "12" of the complaint.

  13. Denies the allegations set forth in paragraph "13" of the complaint.

  14. Denies the allegations set forth in paragraph "14" of the complaint.

  15. Denies the allegations set forth in paragraph "15" of the complaint.

  16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

  17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

  18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

  19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on December 21, 2007.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on December 21, 2007.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that an examination pursuant to New York General Municipal Law § 50-h was conducted of plaintiff on January 22, 2008.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant UC repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant UC repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant UC repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning dismissal of the charges.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant UC repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff's incarceration, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the dismissal of the charges.

- 5 -

43. Denies the allegations set forth in paragraph "43" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. Defendant UC has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Defendant UC has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, defendant UC acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant UC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

50. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

51. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

52. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendant UC requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          May 5, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants City and UC
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0906

                                        By:        /s/
                                            Shawn D. Fabian (SF4606)
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division


To:   Steven Hoffner, Esq. (By ECF and First Class Mail)
      *Attorney for Plaintiff*
      350 Broadway, Suite 1105
      New York, New York 10013

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On May 5, 2008, I served the annexed "**ANSWER OF DEFENDANT UNDERCOVER POLICE OFFICER #4847**," upon Steven Hoffner, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

   Steven Hoffner, Esq.
   350 Broadway, Suite 1105
   New York, New York 10013

being the address designated by plaintiff for that purpose.


Dated:  New York, New York
        May 5, 2008

                                        /s/
                                    SHAWN D. FABIAN
                                    ASSISTANT CORPORATION COUNSEL